25 F.3d 1054
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Gregory WALKER, Plaintiff-Appellant,
v.
Howard A. PETERS, III, et al., Defendants-Appellees.
 No. 93-1096.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 25, 1994.*
Decided June 1, 1994.
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Gregory Walker, a prisoner at Pontiac Correctional Center in Illinois, was charged with insolence and sexual misconduct. A disciplinary hearing ended with a finding of guilt on both charges. After this decision was reversed on administrative appeal (the Grievance Officer found insufficient evidence of sexual misconduct), the charge of insolence was reinstated. The district court, hearing this action under 42 U.S.C. Sec. 1983, concluded that Walker had received due process in the second hearing, making his challenge to the first disposition moot. Walker contends on appeal that this conclusion is mistaken. He is right.
 
 
 2
 Two things prevent the second decision from mooting Walker's challenge to the first. (i) After the second decision, Walker was released from segregation--but only after serving more time there than state regulations authorize for a charge of "insolence" alone. At least in principle, the court could award damages to salve the injury. (ii) Between the first and second decisions, parole officials denied Walker's application for release, pointing to the recent disciplinary violations as a reason. Once again, the court's ability to award damages for the delayed release prevents the claim from becoming moot.
 
 
 3
 Nonetheless, the district court's error does not matter. Walker has not named the parole officials as defendants and so cannot obtain relief for a delayed grant of parole. What is more, he does not allege that the parole officials declined to reconsider their decision in light of the reduction in the administrative charges made against him. As is apparent from Walker's continued presence in prison, parole officials, with full knowledge of the ultimate disposition of the charges, do not believe that Walker should be released. As for the time in segregation: how much time a prisoner should spend in segregation for a particular offense is a question of state law. That Walker served more time than the final disposition authorized does not show that anyone violated his constitutional rights.
 
 
 4
 Consider a familiar example: the defendant is charged with a crime, convicted, and cools his heels in prison until the court of appeals reverses for insufficient evidence. The reversal does not show that the trial (and the time in jail pending appeal) violated any provision of the Constitution. The due process clause does not condemn all mistakes; it is satisfied by the use of procedures designed to hold down the number of errors. Mathews v. Eldridge, 424 U.S. 319, 344 (1976). Illinois uses procedures that, as this case reveals, give inmates ample opportunity to present evidence and arguments about the proper sanction for a given incident. It is regrettable that the error was corrected on an administrative appeal rather than at the original disciplinary hearing, but this delay does not establish a violation of the Constitution.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record